# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>vs.<br><br>JOSIYAH MENO,<br><br>                            Defendant. | Case No,: 2:11-cr-00368-JCM-PAL<br><br>**ORDER FOR COMMITMENT<br>TO CUSTODY TO ATTEMPT<br>TO RESTORE COMPETENCY** |

The Defendant, Josiyah Meno ("Meno") is charged in an Indictment (Dkt. #7) with felon in possession of a firearm. He made an initial appearance on October 11, 2011. In an Order (Dkt. #25) entered February 23, 2012, the undersigned directed the U.S. Marshal service to transport the Defendant to a suitable facility for psychiatric examination to determine if he was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he was not able to understand the nature and consequences of the proceeding against him or to assist properly in his defense pursuant to the provisions of 18 U.S.C. §§ 4241(b) and 4242(a). The psychiatric examination was conducted, a forensic evaluation report was submitted and provided to counsel and the court.

Mr. Meno was returned from the Metropolitan Detention Center in Los Angeles, California where the evaluation was conducted, and appeared in court for a competency hearing on July 19, 2012. Andrew Duncan appeared on behalf of the government, and Osvaldo Fumo appeared with the Defendant. Counsel for the government moved that the court direct that Meno be committed to a federal medical center for evaluation and treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d) as recommended in the forensic evaluation report. Counsel for Meno concurred with the finding in the forensic evaluation report that his client is currently unable to understand the nature and consequences of the court proceedings against him, and unable to assist counsel in his defense.

Counsel for Meno also agreed that Meno needed treatment to restore him to mental competency. However, after conferring with his client, and his client's parents, counsel for Meno requested that the court release Mr. Meno to his family for physical and mental health care. Mr. Fumo argued that Meno's family was optimistic that they could convince Meno to receive medical care and treatment for both his physical and mental disorders.

The court inquired of counsel whether an evidentiary hearing at which the parties would be afforded an opportunity to testify, present evidence, to subpoena witnesses, or to confront and cross examine witnesses was requested. Neither side requested an evidentiary hearing. Counsel for both sides asked that the matter be submitted on the forensic evaluation report. The court personally addressed Mr. Meno and asked if he understood the nature of the hearing. Mr. Meno responded with a long, emotional narrative, only parts of which were intelligible. In summary, he stated that he was not crazy, did not want to be in a hospital, and that he had already "paid with a bang."

Having reviewed and considered the representations of counsel, the statement of Mr. Meno on the record, and having reviewed and considered the forensic report prepared by Dr. Brown, the court finds, by a preponderance of the evidence, that Mr. Meno is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense. The court will therefore order that he shall be hospitalized for treatment in a suitable facility pursuant to the provisions of 18 U.S.C. § 4241(d).

**IT IS ORDERED** that:

1. The Defendant is committed to the custody of the Attorney General who shall hospitalize the Defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit proceedings to go forward.

2. When the director of the facility in which Mr. Meno is hospitalized determines that Mr. Meno has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him, and to assist properly in his defense, the

director shall promptly file a certificate to that effect with the clerk of this court.

3. The clerk of the court shall send a copy of the certificate to the Defendant's counsel and to the attorney for the government.

4. Upon receipt of the certificate, the court shall hold a hearing pursuant to the provisions of § 4247(d), to determine the competency of Mr. Meno. If, after the hearing, the court finds by a preponderance of the evidence that Mr. Meno has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court will order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings.

5. The Bureau of Prisons shall designate Mr. Meno to a suitable facility without undue delay.

Dated this 31st day of July, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE