# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:11-cr-00368-JCM-PAL |
| vs. ) | **ORDER** |
| JOSIYAH MENO, ) | (Mot. For Psych Eval - Dkt. #56) |
| Defendant. ) | |

Before the court is the United States' Unopposed Motion for Psychiatric Evaluation (Dkt. #56) filed under seal.

The Defendant, Josiyah Meno ("Meno") is charged in an Indictment (Dkt. #7) with felon in possession of a firearm. He made an initial appearance on October 11, 2011. In an Order (Dkt. #25) entered February 23, 2012, the undersigned directed the U.S. Marshals Service to transport the Defendant to a suitable facility for psychiatric examination to determine if he was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he was not able to understand the nature and consequences of the proceedings against him or to assist properly in his defense pursuant to the provisions of 18 U.S.C. §§ 4241(b) and 4242(a). The psychiatric examination was conducted, a forensic evaluation report was submitted and provided to counsel and the court.

Mr. Meno was returned from the Metropolitan Detention Center in Los Angeles, California where the evaluation was conducted, and appeared in court for a competency hearing on July 19, 2012. Andrew Duncan appeared on behalf of the government, and Osvaldo Fumo appeared with the Defendant. Counsel for the government moved that the court direct that Meno be committed to a federal medical center for evaluation and treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d) as recommended in the forensic evaluation report. Counsel for Meno concurred with the

finding in the forensic evaluation report that his client is currently unable to understand the nature and consequences of the court proceedings against him, and unable to assist counsel in his defense. Counsel for Meno also agreed that Meno needed treatment to restore him to mental competency. However, after conferring with his client, and his client's parents, counsel for Meno requested that the court release Mr. Meno to his family for physical and mental health care. Mr. Fumo argued that Meno's family was optimistic that they could convince Meno to receive medical care and treatment for both his physical and mental disorders.

The court inquired of counsel whether an evidentiary hearing at which the parties would be afforded an opportunity to testify, present evidence, to subpoena witnesses, or to confront and cross examine witnesses was requested. Neither side requested an evidentiary hearing. Counsel for both sides asked that the matter be submitted on the forensic evaluation report. The court personally addressed Mr. Meno and asked if he understood the nature of the hearing. Mr. Meno responded with a long, emotional narrative, only parts of which were intelligible. In summary, he stated that he was not crazy, did not want to be in a hospital, and that he had already "paid with a bang."

On August 1, 2012, the court entered an order committing Mr. Meno to the custody of the Attorney General to hospitalize him for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit proceedings to go forward. Mr. Meno was admitted to the Federal Medical Center Butler, North Carolina pursuant to the court's order committing him to custody to attempt to restore him to competency. On February 14, 2013, the court received a report notifying the court of the completion of Mr. Meno's forensic study. The staff psychologist, staff psychiatrist, and staff neuropsychologist authoring the report of forensic evaluation concluded that Mr. Meno was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings filed against him or to assist properly in his defense. The examiners also concluded that there was not a substantial probability that Mr. Meno's competency would be restored in the foreseeable future. Their report recommended that Mr. Meno be subject to the provisions of 18 U.S.C. § 4246.

///

The United States Marshals Service was notified and made arrangements to transport the Defendant from Butler, North Carolina to the District of Nevada for further legal proceedings.

On March 28, 2013, the undersigned conducted a hearing with counsel to determine how the government and counsel for the Defendant intended to proceed. Mr. Meno was present with counsel. The government requested that Mr. Meno be subject to a psychiatric or psychological examination to determine if his release would create a substantial risk of bodily injury to another person or serious damage to property of another pursuant to the provisions of 18 U.S.C. §§ 4246 and 4247. The government requested that the examination be conducted by the Bureau of Prisons. The defendant objected and requested that the examination be conducted locally by Dr. Slagle, who performed the initial competency evaluation. The court denied the government's request for an examination by the Bureau of Prisons. 18 U.S.C. § 4247(b) authorizes a psychiatric or psychological examination ordered pursuant to Chapter 313, to be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds appropriate, more than one such examiner. It directs that the examiner shall be designated by the court. The court may commit the person to be examined to the custody of the Attorney General for placement in a suitable facility. The court construes this provision as permissive and not mandatory.

Mr. Meno has twice been transported for medical evaluation and for an attempt to restore him to competency for lengthy periods of time. The first time he was sent to the Metropolitan Detention Center in Los Angeles, California. The second time, he was sent to the Federal Medical Center in Butler, North Carolina. He spent months waiting to be transported and in transit to and from both facilities, and to and from this district for hearings. He spent many months at the facilities after he arrived. Mr. Meno's family support is in this district. His physical condition has deteriorated. Transportation outside the district is time consuming and costly to the U.S. Marshals Service . For these reasons, the court found that it was more appropriate to conduct the psychiatric examination to determine if Meno's release would create a substantial risk of bodily injury to another person or serious damage to property of another by a local board certified psychiatrist.

At the March 28, 2013, hearing, the court directed that counsel meet and confer to determine whether they could agree to use Dr. Slagle or another local board certified forensic psychiatrist to conduct the examination. Counsel for the parties conferred and agreed to move this court for an

examination conducted by Dr. Dodge Slagle.  However, the United States Attorney's Office advises the court that it cannot obtain approval for funding of an examination outside of the Bureau of Prisons. The court finds the Defendant is indigent.  His family retained counsel to represent him, but does not have funding to pay Dr. Slagle for this examination.  The court finds that under these circumstances, the court the expenditure of CJA funds should be authorized for the purpose of having Dr. Slagle perform the risk assessment required by 18 U.S.C. § 4246(a).

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. The government's motion (Dkt. #56) is **GRANTED**.  The Defendant shall be examined at the Nevada Southern Detention Center located in Pahrump, Nevada, by Dr. Dodge Slagle;
2. Dr. Slagle's examination shall be conducted in accordance with the requirements of 18 U.S.C. §§ 4241, 4246, 4247, and 4248;
3. Dr. Slagle shall prepare a psychiatric report of the Defendant and send copies of the psychiatric report to the Clerk of the United States Court for the District of Nevada. AUSA Andrew Duncan, and counsel for the Defendant, Osvaldo Fumo.
4. Dr. Slagle's report shall include:
   a. Defendant's history and present symptoms.
   b. A description of the psychiatric, psychological or medical tests that were employed and their findings;
   c. His findings;
   d. The examiner's opinions as to diagnosis, prognosis, and whether the Defendant is suffering from a mental disease or defect as a result of which his release from custody would create a substantial risk of bodily injury to another person or serious damage to property of another.
5. The psychiatric report and risk assessment shall be completed and forwarded to the Clerk of the Court and counsel no later than **May 6, 2013**, unless, for good cause shown, additional time is required.

6. Compensation for Dr. Slagle's examination and report shall be paid from CJA funds. Counsel for Meno shall consult Sharon Hardin, Deputy Clerk, concerning the procedures for submitting the appropriate voucher for compensation for Dr. Slagle's services.

Dated this 5th day of April, 2013.

_____
Peggy A. Leen
United States Magistrate Judge