Osvaldo E. Fumo, Esq.
Nevada bar No. 5956
PITARO & FUMO, CHTD.
601 Las Vegas Boulevard, South
Las Vegas, Nevada 89101
(702) 474-7554 Fax (702) 474-4210
Attorney for Defendant – JOSIYAH MENO

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:11-cr-00368-JCM (PAL) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSIYAH MENO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**STIPULATION AND ORDER OF FACTS AND CONCLUSIONS OF LAW TO**

**DISMISS INDICTMENT**

COMES NOW the defendant, JOSIYAH MENO, by and through his attorney of record, Osvaldo E. Fumo, Esq., of the law firm, Pitaro & Fumo, Chtd. and Assistant United States Attorney Andrew Duncan, and hereby submits this Stipulation of Facts and Conclusions of Law, and hereby asks this Court to dismiss the Indictment against Meno.

///

///

-1-

///

This motion is based on the attached Memorandum of Points and Authorities together with the pleadings and papers on file herein and any argument, testimony and evidence that may be presented at the hearing on this Motion.

| /s/ Osvaldo E. Fumo, Esq. | /s/ Andrew Duncan |
|---|---|
| OSVALDO E. FUMO, ESQ. | ANDREW DUNCAN, ESQ. |
| 601 LAS VEGAS BOULEVARD, S | ASSISTANT UNITED STATES ATTORNEY |
| LAS VEGAS, NEVADA 89101 | 333 LAS VEGAS BOULEVARD SOUTH. #5000 |
| ATTORNEY FOR THE DEFENDANT | LAS VEGAS, NEVADA 89101 |
| JOSIYAH MENO | ATTORNEY FOR UNITED STATES OF AMERICA |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

It is hereby stipulated and agreed by Osvaldo E. Fumo Esq., and Assistant United States Attorney Andrew Duncan that the following facts and conclusions of law are correct:

On October 11, 2011, a grand jury returned an Indictment (Doc. #1) against Defendant Josiyah Meno, charging him with one (1) Count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Meno made an initial appearance on October 11, 2011, was arraigned and pled not guilty to the charge in the Indictment. *See* Minutes of Proceedings (Doc. #10). Following a detention hearing, Meno was detained pending trial. *Id.*; Order of Detention (Doc. #14).

The Government then filed an unopposed Motion for Psychiatric or Psychological Evaluation pursuant to Title 18 U.S.C. 4241 (a). The Court granted the Government's Motion in an Order entered February 23, 2012. (Doc. #25). The February 23, 2012 order, directed the U.S. Marshals Service ("USMS") to transport Meno to a suitable facility for a psychiatric

examination to determine if he was suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Meno was transported to the Metropolitan Detention Center in Los Angeles, California, where a psychiatric examination was conducted. A forensic evaluation report was submitted to the court and counsel.  The report found that Meno was not competent to stand trial or to assist in his own defense and recommended that he be sent to a federal medical center for evaluation and treatment for restoration to competency.

The matter was heard on July 19, 2012, at which time the Government requested Meno be committed to a federal medical center for evaluation and treatment for restoration to competency.  Pursuant to 18 U.S.C. §4241(d), Counsel for Meno was required to agree to the Government's request.  Accordingly, the Court agreed and ordered the recommendations in the reports submitted during the hearing. (Doc. #41).

Pursuant to the July 19, 2012 ruling, the court entered an Order on August 1, 2012, committing Meno to the custody of the Attorney General for hospitalization and treatment in a suitable facility.  (Doc. #46).  As required by 18 U.S.C. §4241(d), the purpose of the commitment was to see whether there was a substantial probability Mr. Meno could be restored to competency in the foreseeable future.  *Id*.  Based on the August 1, 2012, Order, Meno was transported to the Federal Medical Center in Butner, North Carolina ("FMC-Butner"), for a period not to exceed four-months as further dictated by 18 U.S.C. §4241(d).

On February 14, 2013, a report was sent to this Court with findings from the FMC-Butner facility. The report contained the findings made by a staff psychologist, staff psychiatrist, and staff neurologist with the FMC-Butner and stated that Meno was suffering

from a mental disease or defect that rendered him mentally incompetent to the extent he could not understand the nature and consequences of these proceedings and could not assist in his defense.  The authors of the report further stated that there was not a substantial probability Meno could be restored to competency in the foreseeable future.  Upon completion of the report, FMC-Butner transferred Meno back to this district for further judicial proceedings.

On March 28, 2013, the Court held another hearing with counsel to determine how counsel proposed to proceed in this case.  During the hearing, the Government represented that pursuant to 18 U.S.C. §§4246 and 4247, an evaluation was needed to determine whether Meno's release would create a substantial risk of bodily injury to another person or serious damage to another's property pursuant to 18 U.S.C. §§ 4246 and 4247.  Counsel for Meno agreed that before the Indictment could be dismissed a dangerousness evaluation was required pursuant to 18 U.S.C. §§ 4246 and 4247. However, Counsel for Meno objected to transferring Meno back to FMC-Butner, and instead, requested the evaluation be conducted locally, where Meno resides and where he has family support.  See Min. of Proc. 3/28/2013, (Doc #55).

On April 5, 2013, the Court filed an Order based on 18 U.S.C. §§ 4246 and 4247, granting the Government's request to have Meno examined, but denied its request that the Bureau of Prisons conduct the evaluation. For the reasons set forth more fully in the Court's April 5, 2013, written Order (Doc #57), the court directed Meno be evaluated for purposes of 18 U.S.C. §§ 4241, 4246(, 427, 4248 by a local board certified psychiatrist. Counsel for the parties conferred and stipulated to use Dr. Dodge Slagle, the psychiatrist who originally evaluated Meno's competency to stand trial in December 2011.

Dr. Slagle evaluated Meno on April 19, 2013, at the Southern Nevada Detention

Center in Pahrump, Nevada. A written psychiatric evaluation was prepared but Dr. Slagle did not provide a copy to the Court. Dr. Slagle concluded that future long term dangerousness cannot be predicted with medical certainty, and while there is always could be a potential future risk of danger to others or property, it is not high. Dr. Slagle opined that Meno's current mental and physical limitations brought on by his brain injury has substantially reduced his risk of violence.

On April 30, 2013, counsel stipulated to continue the May 1, 2013, calendar call and May 6, 2013, trial, indicating they were still awaiting Dr. Slagle's evaluation. (Doc #59). The district judge approved the parties' Stipulation and continued the trial until August 19, 2013. See Order (Doc #60). On August 16, 2013, counsel again stipulated to continue the August 19, 2013, trial date, stating, "It is clear Mr. Meno is not competent to stand trial. Counsel for the government feels that clarification from Dr. Dodge Slagle regarding whether the Defendant is a danger to himself, others or property." See Stipulation (Doc. #62). The district judge approved the parties' Stipulation and continued the trial to October 7, 2013. See Order (Doc. #65).

On July 16, 2013, Dr. Slagle drafted an addendum to his original report opining that although future human behavior can never be predicted with absolute certainty, it was his professional opinion to a reasonable degree of medical probability that Meno was not a danger to himself, others, or property for reasons summarized in his prior report. The letter addendum was forwarded to counsel for Meno on July 18, 2013.

On September 23, 2013, the Court filed an Order to Show Cause why the Indictment should not be dismissed and Meno released from federal custody. As stated and explained more fully in the Order, the Court believed that all statutory requirements under 18 U.S.C. §§4241-47,

were met and that the case should be dismissed but that the exact procedure for doing so was not clear under 18 U.S.C. §4241(d).  During the show cause hearing on September 24, 2013, the Court stated it believed it needed a formal motion to dismiss the indictment, however, Counsel for Meno thought that the Government intended to dismiss the case based on their prior representations and that now the issue was simply one of complying with 18 U.S.C. §4241(d) and the determination of dangerousness.

On or about September 27, 2013, Meno filed a motion seeking a hearing pursuant to 18 U.S.C. §4246 and to dismiss the Indictment. (Doc. #71).  On or about October 7, 2013, the Magistrate Judge issued a Report and Recommendation (R&R). (Doc. #72).   The R&R recommended that Meno's motion be denied, but that the Indictment be dismissed but stayed while a dangerousness assessment be conducted at a Federal Medical Center.  On or about November 13, 2013, the District Court filed an Order adopting the R&R in full.

After several problems occurred getting Meno transported to the Federal Medical Center in Butner, North Carolina, Meno was eventually evaluated for dangerousness.  A status hearing was held in court on July 13, 2015, and the Forensic Evaluation was distributed to counsel for Meno and the government.  Another status conference was set for July 28, 2015, so that the parties would be able to review the evaluation and determine how to proceed.

On July 23, 2015, Meno filed a Motion to Dismiss Indictment based on the findings of the evaluation for dangerousness and the results stating that Meno would not pose a danger if released.  On July 27, 2015, the Government filed a Joinder of Defendant's Motion to Dismiss.

On July 28, 2015, a status hearing was held, and counsel for Meno and the Government were informed that Meno was in transit and would not be back in Las Vegas until August 3, 2015.  Another status hearing is set for August 4, 2015.

Counsel for Meno and the Government were informed by Magistrate Judge Leen that a Stipulation of Facts and Conclusions of Law needs to be filed with the District Court so that it may formally dismiss the indictment.

In summary the evaluation states that Meno is not a danger and is ready to return to court for resolution of his legal situation. Since the Indictment against Meno was dismissed but stayed for the dangerousness evaluation, now that Meno has been determined to not be a danger, he is asking and the Government joins that the Indictment be dismissed in full, and that he be released from custody.

## **ORDER**

IT IS HEREBY ORDERED that the Indictment be dismissed in full and that be released from custody.

DATED August 4, 2015.

_____
U.S. DISTRICT JUDGE